FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| VIRGIN ISLANDS WATER AND POWER AUTHORITY, | ) ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil No. 2006-131 |
| v. | ) |
| | ) |
| GENERAL ELECTRIC INTERNATIONAL, INC., | ) ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

ATTORNEYS:

**Samuel H. Hall, Jr., Esq.**
St. Thomas, U.S.V.I.
         *For the plaintiff.*

**Britain H. Bryant, Esq.**
**Sunshine S. Benoit, Esq.**
St. Croix, U.S.V.I.
         *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, General Electric International, Inc. ("GE"), for an order compelling arbitration.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Virgin Islands Water and Power Authority ("WAPA"), is a Virgin Islands public corporation that provides water and electricity services.  In May 2005, WAPA and GE entered into a contract to upgrade one of WAPA's gas turbines.  The upgrade process did not proceed as planned.

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 2

In August 2006, WAPA sued GE, alleging that GE failed to perform under the parties' contract. WAPA asserts the following causes of action: breach of express warranties; breach of the implied warranty of merchantability; breach of the implied warranty of fitness for a particular purpose; breach of contract; breach of the duty of good faith and fair dealing; and negligence.

In May 2008, GE moved to compel arbitration. WAPA did not respond to the motion. On May 22, 2008, the magistrate judge entered a minute order, stating that GE's motion to compel "is mooted by the agreement of the parties to engage in production and to mediate . . . ." (Minute Order, May 22, 2008.) The docket reflects that the Clerk of Court administratively terminated the motion pursuant to the magistrate judge's minute order.

In March 2009, GE moved for an order scheduling a hearing on its motion to compel arbitration. WAPA filed an opposition. On April 17, 2009, the Court held a status conference with the parties regarding the posture of this matter and GE's motion to compel arbitration. At the conclusion of the hearing, the Court directed the parties to submit supplemental briefs on whether a party's reference to an arbitration clause in an answer is sufficient to preserve that party's right to arbitrate. Both parties have submitted supplemental briefs.

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 3

## II. <u>DISCUSSION</u>

The Federal Arbitration Act (the "FAA") provides that "a written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable save upon any grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA "establishes a presumption in favor of arbitrability when arbitrability is in doubt . . . ." *Ballay v. Legg Mason Wood Walker, Inc.*, 878 F.2d 729, 733 (3d Cir. 1989); *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987); *Johnson v. West Suburban Bank*, 225 F.3d 366 (3d Cir. 2000) ("[T]he presumption in favor of arbitration established by the [FAA] is a powerful one."); *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (citations omitted).  "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

Because arbitration is a question of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* at 648.  Therefore, whether or not parties must submit their dispute to arbitration is a

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 4

question of contract between the parties. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995). A court cannot require a party to arbitrate unless that party has agreed to do so. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).

When deciding a motion to compel arbitration, the court employs a standard similar to the summary judgment standard. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980). "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." *Id.* at 54. The party opposing the motion receives "the benefit of all reasonable doubts and inferences that may arise." *Id.* The non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). If a genuine issue of fact is present, the court must hold a trial to determine whether an arbitration agreement exists. 9 U.S.C. § 4.

### III. **ANALYSIS**

As a preliminary matter, the Court notes that GE's motion to

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 5

compel arbitration, while administratively terminated, remains pending.  The authority of a magistrate judge derives from 28 U.S.C. § 636.  That statutory section does not authorize a magistrate judge to rule on a motion to compel arbitration.  As such, the termination of GE's motion was without effect.  The Court will rule on the motion.

As noted earlier, in a nutshell WAPA alleges that GE breached the parties' contract to upgrade one of WAPA's gas turbines.  GE contends that such a dispute is subject to an arbitration clause in that contract.

Under the FAA[1], "[a] motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) (citation omitted). "The FAA instructs courts to refer to principles of applicable state law when determining the existence and scope of an agreement to arbitrate." *Id.* at 532 (citing *Volt Info. Sciences,*

---

[1]  The FAA undisputedly applies in this matter.  The FAA applies to all contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2.  The FAA defines "commerce" to include commerce "*in any Territory of the United States* . . . ." 9 U.S.C. § 1 (emphasis supplied); *see also Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 154 n.10 (3d Cir. 1993) (citing *Kanazawa Ltd. v. Sound, Unlimited*, 440 F.2d 1239 (9th Cir. 1971) (noting that the FAA applies to commerce in Guam)); *Sewer v. Paragon Homes, Inc.*, 351 F. Supp. 596, 599 (D.V.I. 1972).

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 6

*Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989)).

Under Virgin Islands law, the essential prerequisites for the creation of a valid contract are "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *University of the Virgin Islands v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. 2002); *see also* Restatement (Second) of Contracts § 17 (1981).[2] "Consideration" requires a performance or a return promise that has been bargained for. Restatement (Second) of Contracts § 17 (1981). Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (V.I. Terr. Ct. 1990).

Here, GE has submitted a copy of its contract with WAPA. The contract itself does not contain an arbitration clause. Instead, the contract provides that it "is subject to General Electric and Virgin Islands Water & Power Authority's General Terms and Conditions dated February 9, 2001 . . . ." (Def.'s Notice Filing Supp. Exh. Supp. Mot. to Compel Arbitration, Supp. Exh. D at 8.) GE has also submitted the document referred to in the contract as the General Terms and Conditions. That document

---

[2]  *See* V.I. CODE ANN. tit. 1, § 4 ("[T]he restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands[.]").

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 7

contains a clause titled "Dispute Resolution," which provides as

follows:

> The Arbitration will be conducted by three (3)
> arbitrators in accordance with the American Arbitration
> Association Rules in effect at the time of controversy.
> Each side will appoint one arbitrator, and the two
> arbitrators so appointed will appoint the third
> arbitrator.  The arbitrators shall render any decision
> or award based solely on "baseball" or "winner-take-
> all" type of arbitration and they will only have the
> authority to select either the amount or remedy
> proposed by Buyer or by Sellers, and none other.  The
> decision of the arbitrators shall be final and binding
> upon both parties, and neither party shall seek
> recourse to a law court or other authorities to appeal
> for revisions of such decision.  The reasonable costs
> of arbitration as well as reasonable legal fees and
> expenses of any dispute conducted pursuant to this
> Article, shall be borne solely by the loser at
> arbitration.

(Def.'s Reply Pl.'s Opp'n Mot. Compel Arbitration, Exh. D at 4-

5.)

The clause on which GE relies is afflicted with several

deficiencies.  First, unlike arbitration clauses that list those

matters that are subject to arbitration, there is no statement

that expresses the desire of the parties in this matter to submit

disputes to arbitration.  Indeed, nowhere in the parties'

agreement is there even a general reference to such a desire.

Second, the clause fails both to state explicitly that the

parties have agreed to arbitrate and to evince implicitly the

parties' intent to submit their dispute to arbitration. *Cf.*

*Trippe Mfg. Co.*, 401 F.3d at 531 (affirming an order compelling

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 8

arbitration where the contract provided: "All disputes, claims, and controversies arising under this Agreement, or a breach thereof, shall be resolved by arbitration through the American Arbitration Association in accordance with its rules and regulations"); *Brayman Construction Corp. v. Home Ins. Co.*, 319 F.3d 622, 623-24 (3d Cir. 2003) (concluding that an agreement to arbitrate existed where the contract stated: "If any dispute shall arise between the Company and Insured . . . ., such dispute . . . shall be submitted to three arbitrators"); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 177 (3d Cir. 1999) (finding an agreement to arbitrate where the contract stated: "The parties agree and understand that they choose arbitration instead of litigation to resolve disputes"); *First Liberty Inv. Group v. Nicholsberg*, 145 F.3d 647, 649 (3d Cir. 1998) (determining that a party agreed to arbitration where the contract provided: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm"); *Seus v. John Nuveen & Co.*, 146 F.3d 175, 177 (3d Cir. 1998) (similar); *Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 224 (3d Cir. 1997) (similar); *Salvadori v. Option One Mortg. Corp.*, 420 F. Supp. 2d 349, 352 (D.N.J. 2006) (finding that the parties agreed to arbitrate where the contract stated: "Because you and we have agreed to arbitration, both of us are waiving our rights to have disputes resolved in court by a judge or jury").

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 9

The clause on which GE relies also fails to list with any
particularity or to state in general, inclusive terms what sorts
of disputes are subject to arbitration. *Cf. Spinetti v. Serv.
Corp. Int'l*, 324 F.3d 212, 215 (3d Cir. 2003) (affirming an order
compelling arbitration where the contract stated that "all
disputes relating to any aspect of Employee's employment with the
Company shall be resolved by binding arbitration" (quotation
marks omitted)); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d
674, 681 (3d Cir. 2000) (affirming an order compelling
arbitration where the contract called "for arbitration of any
dispute, claim or controversy between Wood and Prudential to be
arbitrated" (quotation marks omitted)); *Bel-Ray Co. v. Chemrite
Ltd.*, 181 F.3d 435, 438 (3d Cir. 1999) (partially affirming order
compelling arbitration where the agreement required arbitration
of "any and all disputes relating to the agreement or its breach"
(quotation marks omitted)); *Pritzker v. Merrill Lynch, Pierce,
Fenner & Smith*, 7 F.3d 1110, 1114 (3d Cir. 1993) (ordering
arbitration where the clause stated that "[a]ny dispute hereunder
shall be submitted to arbitration . . . .").

In sum, the clause GE has highlighted does not clearly
manifest the parties' intention to be bound and its terms are
insufficiently definite to be enforced. *Cf. Morton v. Hewitt*, 202
F. Supp. 2d 394, 396 (D.V.I. 2002) ("Although offer, acceptance,
and consideration are required elements of contract formation,

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 10

the decisive inquiry in contract formation is the manifestation

of assent of the parties to the terms of the promise and to the

consideration for it." (alteration, quotation marks and citation

omitted)).  Under these circumstances, the Court finds that there

are material facts in dispute about whether the parties agreed to

arbitrate.  That finding precludes an order compelling

arbitration. *Cf. Par-Knit Mills*, 636 F.2d at 54 ("Before a party

to a lawsuit can be ordered to arbitrate and thus be deprived of

a day in court, there should be an express, unequivocal agreement

to that effect." (footnoted omitted)); *see also Painewebber, Inc.*

*v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (citation omitted).

The clause on which GE relies does no more than merely

explain the procedure governing the selection of arbitrators and,

unremarkably, stipulates that any decision rendered in

arbitration is binding on the parties. *Cf. Brayman Construction*,

319 F.3d at 623-24 (reciting an arbitration clause that both

showed the parties' intent to arbitrate all disputes and

described the process for selecting arbitrators).  Importantly,

however, as noted above, that clause fails to demonstrate what,

if any, sort of dispute the parties wishes to submit to

arbitration.  As such, even assuming the existence of a valid

agreement to arbitrate, the Court cannot say as a matter of law

that the parties' dispute falls within the scope of the

arbitration clause. *Cf. Clausen v. Watlow Elec. Mfg. Co.*, 242 F.

WAPA v. General Electric
Civil No. 2006-131
Memorandum Opinion
Page 11

Supp. 2d 877, 884 (D. Or. 2002) ("Viewing the Agreement on its

face, the Court finds it does not unambiguously manifest the

parties' intent to include Plaintiff's individual claims against

Defendant within the scope of the arbitration provisions.").[3]

---

[3]   GE argues that the parties' contract does show an intent
to submit their dispute to arbitration.  To support that
argument, GE asserts that the parties are sophisticated business
entities that entered into a contractual agreement through a
bidding process initiated by WAPA.  That assertion actually
undercuts GE's argument, as sophisticated business entities
theoretically know how to draft a valid arbitration clause.  No
such clause exists here.  GE's position that the arbitration
clause is enforceable because it "call[s] for a specific protocol
for dispute resolution[,]" (Def.'s Reply Pl.'s Opp'n Mot. to
Compel Arbitration 3), is unavailing for the reasons discussed
above.

    GE also relies on the contract's merger clause to rebut
WAPA's contention that the arbitration clause was left in the
contract by pure inadvertence.  A merger clause establishes that
a written contract is the final and complete expression of the
parties' agreement. Restatement (Second) of Contracts § 209(1)
(1981).  Its effect is to "discharge[] prior agreements to the
extent that they are within its scope." Id. § 213(2).  "The
interpretation of an integrated agreement is directed to the
meaning of the terms of the writing or writings in the light of
the circumstances[.]" Id. § 212(1).  "Any determination as to
meaning should be made in light of the relevant evidence, but
after the transaction has been examined in its entirety, the
words of an integrated agreement are the most important evidence
of intention." Tamarind Resort Assocs. v. Virgin Islands, 138
F.3d 107, 110 (3d Cir. 1998) (citation omitted).  Here, the Court
has already determined that the words of the parties' contract do
not evidence an intent to be bound by the arbitration provision.
GE's reliance on the merger clause is therefore misplaced.

    Finally, GE maintains that "contracts are to be interpreted
in a fashion which gives meaning to all contract terms." (Def.'s
Reply Pl.'s Opp'n Mot. to Compel Arbitration 4.)  GE is right on
the law. See Restatement (Second) of Contracts § 202.  That
statement of the law does not help GE here, however, as the
meaning of the clause on which it relies is too vague to be given

*WAPA v. General Electric*
Civil No. 2006-131
Memorandum Opinion
Page 12

## IV. <u>CONCLUSION</u>

For the foregoing reasons, GE's motion to compel arbitration will be denied.[4]  GE's motion for a hearing on its motion to compel arbitration will be denied as moot.  An appropriate order follows.


S\_____
        **CURTIS V. GÓMEZ**
        **Chief Judge**

_____

the meaning GE urges.

     [4]  In light of this disposition, the Court need not address the parties' other contentions regarding arbitration.